| | |
|---|---|
| PETER BURCHETT, | Case No. 1:19-cv-00055-EPG (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S REQUESTS FOR RELIEF WITHOUT PREJUDICE |
| v. | (ECF NO. 26) |
| JANE DOE, et al., | |
| Defendants. | |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Peter Burchett ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On February 4, 2019, Plaintiff filed a notice of change of address. (ECF No. 26). Included in the notice was a request for "Court Obligatory Review Enforcement" and a request for "TRO Judgement for Safety."

Plaintiff's request for "Court Obligatory Review Enforcement" will be denied without prejudice because it is unclear what Plaintiff is asking for.

Plaintiff's request for "TRO Judgement for Safety" will be denied without prejudice because Plaintiff's request includes no information. Plaintiff may file a motion for a temporary restraining order and/or a preliminary injunction, but the motion must include sufficient detail, as

1

well as supporting evidence, to show that Plaintiff is entitled to the relief he is seeking. The Court provides the relevant legal standards below.

A federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend."). The court may not attempt to determine the rights of persons not before it. See, e.g., Hitchman Coal & Coke Co. v. Mitchell, 245 U.S. 229, 234-35 (1916); Zepeda v. INS, 753 F.2d 719, 727-28 (9th Cir. 1983); see also Califano v. Yamasaki, 442 U.S. 682, 702 (1979) (injunctive relief must be "narrowly tailored to give only the relief to which plaintiffs are entitled"). Under Federal Rule of Civil Procedure 65(d)(2), an injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation." Fed. R. Civ. P. 65(d)(2)(A)-(C). "When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction." Pac. Radiation Oncology, LLC v. Queen's Med. Ctr., 810 F.3d 631, 633 (9th Cir. 2015).

Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find that the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal Right, and is the least intrusive means necessary to correct the violation of the Federal Right."

On the merits, "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Glossip v. Gross, 135 S. Ct. 2726, 2736-37 (2015) (quoting Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008)). "Under *Winter*, plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011).

For the foregoing reasons, IT IS ORDERED that Plaintiff's requests for relief are DENIED without prejudice.

IT IS SO ORDERED.

Dated: **February 8, 2019**　　　　　　/s/ Eric P. Groj[signature]
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE