# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER BURCHETT,<br><br>        Plaintiff,<br><br>    v.<br><br>JANE DOE, et al.,<br><br>        Defendants. | Case No. 1:19-cv-00055-LJO-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION FOR LEAVE TO AMEND BE DENIED AND THAT PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF BE DENIED<br><br>ORDER DENYING PLAINTIFF'S REQUESTS FOR APPOINTMENT OF PRO BONO COUNSEL<br><br>(ECF NOS. 29, 30, 32, & 34)<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS |

Peter Burchett ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed his first amended complaint on December 26, 2018. (ECF No. 16). While it is difficult to make out of all of Plaintiff's allegations, it appears that Plaintiff alleges that on January 31, 2018, at least eight officers attacked him for no reason. The dragging, slamming, and kicking continued until Plaintiff was shoved head first into a cage. Plaintiff further alleges that he had been attacked in a

1

similar manner before.

On February 21, 2019, Plaintiff filed a motion for leave to amend the first amended complaint, and a motion for injunctive relief. (ECF Nos. 29 & 30).[1] On March 28, 2019, Plaintiff filed a supplement to his motion for injunctive relief. (ECF No. 34). In both his motion for injunctive relief and the supplement, Plaintiff asks for appointment of pro bono counsel.

For the reasons described below, the Court recommends denying the motion for leave to amend and the motion for injunctive relief. Additionally, the Court will deny Plaintiff's requests for appointment of pro bono counsel.

## I. PLAINTIFF'S REQUESTS FOR APPOINTMENT OF PRO BONO COUNSEL

Plaintiff's requests for appointment of pro bono counsel are DENIED for the reasons set forth in the Court's prior order denying Plaintiff's request for appointment of pro bono counsel (ECF No. 27, p. 2). Circumstances have not changed since the Court issued that order on February 8, 2019.

## II. PLAINTIFF'S MOTION FOR LEAVE TO AMEND

Courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "[T]his policy is to be applied with extreme liberality." Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990). See also Waldrip v. Hall, 548 F.3d 729, 732 (9th Cir. 2008). "However, liberality in granting leave to amend is subject to several limitations. Those limitations include undue prejudice to the opposing party, bad faith by the movant, futility, and undue delay." Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1058 (9th Cir. 2011) (internal quotation marks and citations omitted). See also Waldrip v. Hall, 548 F.3d at 732.

A plaintiff may not proceed in on a myriad of unrelated claims against different defendants in a single action. Fed. R. Civ. P. 18(a), 20(a)(2). "The controlling principle appears in Fed.R.Civ.P. 18(a): 'A party asserting a claim to relief as an original claim, counterclaim,

---

[1] Plaintiff also filed papers that were docketed as a motion for temporary injunction order. (ECF No. 32). However, the Court cannot determine what relief, if any, Plaintiff is seeking in this filing. Accordingly, if this is a motion, it will be denied, without prejudice to Plaintiff refiling it. If Plaintiff chooses to refile it, Plaintiff shall clearly state the relief he is seeking, as well as the reasons he believes he is entitled to such relief.

cross-claim, or thirdparty claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." K'napp v. California Dept. of Corrections, 2013 WL 5817765, at *2 (E.D. Cal., Oct. 29, 2013), aff'd sub nom. K'napp v. California Dept. of Corrections & Rehabilitation, 599 Fed.Appx. 791 (9th Cir. 2015) (alteration in original) (quoting George v. Smith, 507 F.3d 605, 607 (7th Cir.2007). See also Fed. R. Civ. P. 20(a)(2) ("Persons… may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.").

Plaintiff asks for leave to amend to add defendants from California State Prison, LAC ("CSP LAC"). Plaintiff alleges that the California Department of Corrections and Rehabilitation has continued a campaign of retaliation against Plaintiff in order to deprive Plaintiff of his rights.

The Court will recommend that Plaintiff's motion for leave to amend be denied because the proposed amendment appears to be futile because the claims as described should not be added to this case. At the outset, the Court notes that Plaintiff did not attach a proposed amended complaint, nor did he adequately explain why leave to amend should be granted. Moreover, based on the information Plaintiff did provide, it appears that the defendants Plaintiff proposes to add have nothing to do with the current case. In this case, Plaintiff describes an excessive force incident, and brings an equal protection claim and an excessive force claim against certain defendants at California Correctional Institution. However, through this motion, Plaintiff is attempting to add defendants from CSP LAC. As it does not appear that officers at CSP LAC had anything to do with the excessive force incident alleged in the complaint, and as there does not

appear to be any common questions of law or fact, Plaintiff should not be allowed to amend to add claims against officers at CSP LAC.[2]

If Plaintiff believes his constitutional rights were violated by officers at CSP LAC, he may file a separate cause of action based on those violations. The Court is only holding that such claims cannot be added to this current case.

### III. PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF

#### a. Legal Standards

A federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend."). The court may not attempt to determine the rights of persons not before it. See, e.g., Hitchman Coal & Coke Co. v. Mitchell, 245 U.S. 229, 234-35 (1916); Zepeda v. INS, 753 F.2d 719, 727-28 (9th Cir. 1983); see also Califano v. Yamasaki, 442 U.S. 682, 702 (1979) (injunctive relief must be "narrowly tailored to give only the relief to which plaintiffs are entitled"). Under Federal Rule of Civil Procedure 65(d)(2), an injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation." Fed. R. Civ. P. 65(d)(2)(A)-(C). "When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction." Pac. Radiation Oncology, LLC v. Queen's Med. Ctr., 810 F.3d 631, 633 (9th Cir. 2015).

Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find that the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal Right, and is the least intrusive means necessary to correct the violation of the Federal Right."

---

[2] Plaintiff does allege, in a conclusory fashion, that there is a campaign of retaliation against him to deprive him of his rights. However, Plaintiff provides no facts to support this allegation.

4

On the merits, "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Glossip v. Gross, 135 S. Ct. 2726, 2736-37 (2015) (quoting Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008)). "Under *Winter*, plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011).

b. Plaintiff's Allegations

To begin, in many of Plaintiff's filings, it is difficult to determine what Plaintiff is attempting to allege. However, the Court has attempted to piece together Plaintiff's allegations based on his filings related to his request for injunctive relief (ECF Nos. 30, 32, & 34).

It appears that Plaintiff alleges that he is being transferred "endless[ly]." This is being done to "counter" court remedies and to "discredit" his relief. Additionally, at CSP LAC, Ms. Brown instructs inmates to attack Plaintiff daily, because she helps bring drugs into the facility. Ms. Brown also falsely wrote Plaintiff up after Plaintiff wrote Ms. Brown up. Other guards also instruct inmates to attack Plaintiff, and some female guards masturbate to inmates in custody. Also, guards threaten Plaintiff to try to get him to abandon attempts to file further complaints. They also deny him food, clothes, and hygiene products.

Finally, Plaintiff alleges that there is a cover-up of the excessive force incident alleged in his first amended complaint, as well as an earlier excessive force incident.[3]

c. Analysis

The Court will recommend that Plaintiff's motion for injunctive relief be denied. Plaintiff alleges that officers at CSP LAC instruct inmates to attack Plaintiff daily; that he is being threatened; that he is being denied food, clothes, and hygiene products; and that certain female staff members masturbate to inmates in custody. While these allegations are serious, Plaintiff has failed to show that they are related to the excessive force allegations in Plaintiff's complaint for

---

[3] In some of his filings, Plaintiff refers to his desire to take discovery. The Court will not open discovery until after the initial scheduling conference, which occurs after Plaintiff's complaint has been screened and defendants are served.

the reasons described above.  Accordingly, Plaintiff is not entitled to injunctive relief in this case based on these allegations.  Pac. Radiation Oncology, 810 F.3d at 633 ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction.").  If Plaintiff wants to pursue an injunction related to these allegations, he may file separate lawsuits based on these allegations and request injunctive relief in those cases.

As to Plaintiff's allegations regarding transfers being carried out to "counter" court remedies and "discredit" his relief, these allegations also have no relation to the allegations in Plaintiff's complaint.  Moreover, Plaintiff has failed to establish that he is likely to suffer irreparable harm from the transfers.  While Plaintiff alleges that he is being transferred "endless[ly]," Plaintiff does not explain (or present evidence to show) how the transfers are "countering" court remedies or "discredit[ing]" his relief.  The Court notes that if there is a particular deadline Plaintiff is unable to meet because of a transfer, Plaintiff may file a motion for an extension of that deadline.

As to Plaintiff's allegations of a cover-up, Plaintiff has submitted no evidence that a cover-up is occurring.  Moreover, Plaintiff has failed to establish that he is likely to suffer irreparable harm in the absence of an injunction related to the alleged cover-up.

Finally, Plaintiff appears to be seeking an injunction against officials at CSP LAC, and possibly at CSP Sacramento.  As these officials are not parties to this action, the Court does not have jurisdiction to enter an injunction against these officials.

Accordingly, the Court will recommend that Plaintiff's motion for injunctive relief be denied.

**IV. RECOMMENDATION AND ORDER**

Accordingly, based on the foregoing, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's motion for leave to amend be DENIED.
2. Plaintiff's motion for injunctive relief be DENIED.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written

objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Additionally, IT IS ORDERED that:

1. Plaintiff's requests for appointment of pro bono counsel are DENIED without prejudice.
2. To the extent that the filing at ECF No. 32 is a motion, it is DENIED without prejudice.

IT IS SO ORDERED.

Dated: **April 11, 2019**

/s/ *Erica P. Grosjean*
UNITED STATES MAGISTRATE JUDGE