UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| PETER BURCHETT, | Case No. 1:19-cv-00055-LJO-EPG (PC) |
| --- | --- |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION PROCEED ON PLAINTIFF'S EXCESSIVE FORCE CLAIMS AGAINST THE EIGHT DOE DEFENDANTS THAT ALLEGEDLY ATTACKED HIM ON JANUARY 31, 2018, AND DEFENDANT RAMIREZ, AND THAT ALL OTHER CLAIMS AND DEFENDANTS BE DISMISSED |
| v. | |
| JANE DOE, et al., | |
| Defendants. | |
| | (ECF NO. 16) |
| | OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE (21) DAYS |

Peter Burchett ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on October 16, 2018. (ECF No. 1).

The Court screened Plaintiff's First Amended Complaint on September 25, 2019, and gave Plaintiff options as to how to move forward. (ECF No. 49). On November 12, 2019, Plaintiff filed his response to the Court's screening order. (ECF No. 52). Plaintiff states that he wants to stand on his complaint. (Id.).[1]

---

[1] It is not entirely clear, but in his response Plaintiff also appears to ask the Court to open discovery. As the case is still in the screening stage, the Court will not open discovery generally at this time. However, the Court will allow Plaintiff to take discovery regarding the identity of the Doe Defendants. Accordingly, Plaintiff has leave to file a motion for the issuance of a third-party subpoena for documents that will assist Plaintiff in identifying the Doe Defendants. In any such motion Plaintiff should identify with specificity the documents sought and from whom.

1

Accordingly, the Court issues these findings and recommendations to the district judge consistent with the screening order.

For the reasons described below, the Court finds that Plaintiff has stated cognizable excessive force claims against the eight unidentified Defendants that allegedly attacked him on January 31, 2018, and defendant Ramirez. The Court also finds that Plaintiff failed to state any other cognizable claims.

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). As Plaintiff is proceeding *in forma pauperis* (ECF No. 12), the Court may also screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. Id. at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. Iqbal, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after Iqbal).

## II. SUMMARY OF PLAINTIFF'S COMPLAINT[2]

Plaintiff was confined at California Correctional Institution when the events alleged in the complaint took place.

Plaintiff alleges that on January 31, 2018, at least eight peace officers[3] attacked him and sprayed him with pepper spray for no reason but physical torture. Plaintiff was laying down and followed the officers' instructions, and other inmates witnessed him following instructions.

The attack began on the B Yard Clinic Area during Second Watch, while Plaintiff lay still. The attack ended two buildings away at the Administrative Segregation Unit. Plaintiff was dragged, slammed, and kicked. He was also shoved headfirst into a building.

A lieutenant and two sergeants sanctioned the attack.

Later, Plaintiff was pepper sprayed by defendant Ramirez while Plaintiff was inside his cell. Defendant Ramirez had "no probable cause" to spray Plaintiff.

Plaintiff was previously attacked on June 10, 2018. Plaintiff believes that these attacks would not have occurred if there were adequate surveillance. Additionally, protocol was broken because, under the settlement agreement in Coleman, guards are not supposed to beat up or pepper spray mental health participants without a captain or warden present.

Plaintiff brings a claim for excessive force in violation of the Eighth Amendment and for violation of his Fourteenth Amendment right to equal protection of the law.

## III. ANALYSIS OF PLAINTIFF'S CLAIMS

**A. Excessive Force**

a. Legal Standards

"In its prohibition of 'cruel and unusual punishments,' the Eighth Amendment places

---

[2] At times, Plaintiff's complaint is difficult to understand. The following summary is the Court's best understanding of what Plaintiff is attempting to allege.
[3] Plaintiff does not name all of the officers involved, but one of them may be named Williams.

restraints on prison officials, who may not... use excessive physical force against prisoners." Farmer, 511 at 832. "[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is... whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6–7 (1992).

When determining whether the force was excessive, the court looks to the "extent of injury suffered by an inmate..., the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" Hudson, 503 U.S. at 7 (quoting Whitley v. Albers, 475 U.S. 312, 321 (1986)). While *de minimis* uses of physical force generally do not implicate the Eighth Amendment, significant injury need not be evident in the context of an excessive force claim, because "[w]hen prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated." Hudson, 503 U.S. at 9.

A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional

4

violation must be specifically alleged. Iqbal, 556 U.S. at 676-77; Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under section 1983 based on a theory of supervisory liability, Plaintiff must allege some facts that would support a claim that the supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). For instance, a supervisor may be liable for his "own culpable action or inaction in the training, supervision, or control of his subordinates," "his acquiescence in the constitutional deprivations of which the complaint is made," or "conduct that showed a reckless or callous indifference to the rights of others." Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991) (citations, internal quotation marks, and alterations omitted).

        b. <u>Analysis</u>

The Court finds that Plaintiff has stated cognizable excessive force claims against the eight unidentified Defendants who allegedly attacked and pepper sprayed him, even though he was complying with their instructions. The Court finds that these claims should proceed against these eight "Doe" Defendants.

Plaintiff has also stated a cognizable excessive force claim against defendant Ramirez. Plaintiff appears to allege that, without a legitimate reason, defendant Ramirez pepper sprayed him while he was in his cell.

However, Plaintiff failed to state a cognizable excessive force claim against any other defendants. There is no indication that any other defendants were involved in the attacks. Plaintiff does allege that a lieutenant and two sergeants "sanctioned" the attack that started on the B Yard Clinic Area, but it is not clear what Plaintiff means by "sanctioned." And, there are no other facts alleged connecting these defendants to the attack in any way. As described above, supervisory personnel are generally not liable under section 1983 for the actions of their

employees under a theory of *respondeat superior.*

 **B. Equal Protection**

   a. Legal Standards

The equal protection clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439(1985); Hartmann v. California Dep't of Corr. & Rehab., 707 F.3d 1114, 1123 (9th Cir. 2013); Furnace v. Sullivan, 705 F.3d 1021, 1030 (9th Cir. 2013); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008). To state a claim, Plaintiff must show that Defendants intentionally discriminated against him based on his membership in a protected class, Hartmann, 707 F.3d at 1123 Furnace, 705 F.3d at 1030, Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003), Thornton v. City of St. Helens, 425 F.3d 1158, 1166-67 (9th Cir. 2005), Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Engquist v. Oregon Department of Agr., 553 U.S. 591, 601-02 (2008), Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000), Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008), North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

   b. Analysis

The basis of Plaintiff's equal protection claim is not clear. Plaintiff's claim appears to be based on his allegation that he is a member of the Coleman class. However, even if the Coleman class is a protected class, Plaintiff has not alleged that he was attacked and pepper sprayed because of his membership in that class. Accordingly, Plaintiff has failed to state a cognizable equal protection claim.

**IV. CONCLUSION AND RECOMMENDATIONS**

The Court has screened the First Amended Complaint and finds that Plaintiff has stated cognizable excessive force claims against the eight Doe Defendants that allegedly attacked him on January 31, 2018, and defendant Ramirez. The Court also finds that Plaintiff's First Amended Complaint fails to state any other cognizable claims.

As Plaintiff was given leave to amend but chose to stand on his complaint, the Court

does not recommend granting further leave to amend.

Accordingly, based on the foregoing, it is HEREBY RECOMMENDED that:

1. This case proceed on Plaintiff's excessive force claims against the eight Doe Defendants that allegedly attacked him on January 31, 2018, and defendant Ramirez; and
2. All other claims and defendants be dismissed.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 15, 2019**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE