1
2
3
4
5
6
7
8
9                         UNITED STATES DISTRICT COURT

10                       EASTERN DISTRICT OF CALIFORNIA

11

12   PETER BURCHETT,                         No. 1:19-cv-00055-NONE-EPG (PC)

13                 Plaintiff,                ORDER DENYING PLAINTIFF'S MOTION
                                             FOR RECONSIDERATION AND FOR
14        v.                                 APPOINTMENT OF PRO BONO COUNSEL

15   JANE DOE, et al.,                       (Doc. No. 61)

16                 Defendants.

17

18

19        Plaintiff Peter Burchett is a state prisoner proceeding *pro se* and *in forma pauperis* in this

20   civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff alleges that on January 31, 2018,

21   at least eight peace officers attacked him and sprayed him with pepper spray "for no reason but

22   physical torture."  (Doc. No. 16 at 5.)

23        On November 15, 2019, the assigned magistrate judge issued findings and

24   recommendations, recommending that "[t]his case proceed on Plaintiff's excessive force claims

25   against the eight Doe Defendants that allegedly attacked him on January 31, 2018, and defendant

26   Ramirez," and that "[a]ll other claims and defendants be dismissed."  (Doc. No. 53 at 7.)  Plaintiff

27   filed objections to the findings and recommendations on December 20, 2019.  (Doc. No. 55.)  The

28   previously assigned district judge adopted those findings and recommendations in full.  (Doc. No.

                                               1

57.)  On January 30, 2020, plaintiff filed a motion for reconsideration of the order adopting the

findings and recommendations.  (Doc. No. 61.)  In the motion for reconsideration, plaintiff also

requests appointment of pro bono counsel.  (*Id.*).

Federal Rule of Civil Procedure 60(b) governs grounds for relief from an order:

> On motion and just terms, the court may relieve a party or its legal
> representative from a final judgment, order, or proceeding for the
> following reasons: (1) mistake, inadvertence, surprise, or excusable
> neglect; (2) newly discovered evidence that, with reasonable
> diligence, could not have been discovered in time to move for a
> new trial under Rule 59(b); (3) fraud (whether previously called
> intrinsic or extrinsic), misrepresentation, or misconduct by an
> opposing party; (4) the judgment is void; (5) the judgment has been
> satisfied, released, or discharged; it is based on an earlier judgment
> that has been reversed or vacated; or applying it prospectively is no
> longer equitable; or (6) any other reason that justifies relief.

As to Rule 60(b)(6), plaintiff "must demonstrate both injury and circumstances beyond his

control that prevented him from proceeding with the action in a proper fashion." *Harvest v.*

*Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (citation and internal quotations marks omitted).

Additionally, Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest

injustice and is to be utilized only where extraordinary circumstances prevented a party from

taking timely action to prevent or correct an erroneous judgment." *Id.* (citation and internal

quotations marks omitted).

Plaintiff's motion for reconsideration is difficult to decipher.  In any event, the motion

clearly does not set forth facts or law showing that he meets any of the above-mentioned reasons

for granting relief from the order adopting the findings and recommendations and must therefore

be denied.

As noted, plaintiff also requests appointment of pro bono counsel.  Plaintiff does not have

a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525

(9th Cir. 1997), *withdrawn in part on other grounds*, 154 F.3d 952 (9th Cir. 1998), and the Court

cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  *Mallard v.*

*United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989).  In

/////

certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525. However, without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id*. (citation and internal quotation marks omitted).

The Court will not order appointment of pro bono counsel at this time. The Court has reviewed the record in this case, and at this time is unable to determine that plaintiff is likely to succeed on the merits of his claims. Although plaintiff indicates he is presently in a psychiatric facility and the court notes some difficulty in understanding his pleadings, plaintiff has adequately articulated the basis for the claims he is attempting to assert in this action.

Plaintiff is advised that he is not precluded from renewing his request for appointment of pro bono counsel at a later stage of the proceedings.

Accordingly, IT IS ORDERED that:

1. Plaintiff's motion for reconsideration (Doc. No. 61) is DENIED; and

2. Plaintiff's request for appointment of pro bono counsel is DENIED without prejudice.

IT IS SO ORDERED.

Dated:  **February 10, 2020**  _____
UNITED STATES DISTRICT JUDGE