UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER BURCHETT,<br><br>  Plaintiff,<br><br>  v.<br><br>JANE DOE, et al.,<br><br>  Defendants. | Case No. 1:19-cv-00055-NONE-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF PRO BONO COUNSEL WITHOUT PREJUDICE<br><br>(ECF NO. 65) |

Peter Burchett ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On February 12, 2020, Plaintiff filed a motion. (ECF No. 65). It is difficult to understand, but it appears that Plaintiff is requesting appointment of pro bono counsel.

The Court denied a request from Plaintiff for appointment of pro bono counsel less than a week ago (ECF No. 63). The Court will deny this request for the reasons described in the prior order (ECF No. 63, p. 3).

Accordingly, IT IS ORDERED that Plaintiff's motion for appointment of pro bono counsel (ECF No. 65) is DENIED without prejudice.

The Court notes that, to the extent Plaintiff is attempting to have video footage and

1

photographs preserved, he may trigger the duty to preserve evidence by providing a notice of litigation to the appropriate prison official.[1]

IT IS SO ORDERED.

Dated: **February 13, 2020**   /s/ *Eric P. Groj*
UNITED STATES MAGISTRATE JUDGE

---

[1] "Federal law imposes a duty to preserve evidence before litigation begins and even before a discovery request. This duty requires a litigant to preserve what it knows, or reasonably should know, will be relevant evidence in a pending action or one in the offing." Biselli v. Cnty. of Ventura, 2012 WL 2061688, at *2 (C.D. Cal. Jun. 4, 2012) (citing In re Napster, Inc. Copyright Litig., 462 F. Supp. 2d 1060, 1067 (N.D. Cal. 2006)); see also Leon v. IDX Sys. Corp., 464 F.3d 951, 959 (9th Cir. 2006) ("A party's destruction of evidence qualifies as willful spoliation if the party has some notice that the documents were *potentially* relevant to the litigation before they were destroyed." (citation and internal quotation marks omitted)). Once the duty to preserve attaches, a litigant or potential litigant is "required to suspend any existing policies related to deleting or destroying [evidence] and preserve all relevant [evidence] related to the litigation," and courts may sanction parties responsible for spoliation of evidence. In re Napster, Inc., 462 F. Supp. 2d at 1066, 1070.