UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER BURCHETT,<br><br>           Plaintiff,<br><br>      v.<br><br>JANE DOE, et al.,<br><br>           Defendants. | Case No. 1:19-cv-00055-NONE-EPG (PC)<br><br>ORDER RE: PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND OPPOSITION TO DEFENDANT'S MOTION FOR EXTENSION OF TIME<br><br>(ECF NOS. 74 & 77) |

Peter Burchett ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On April 13, 2020, Defendant Ramirez ("Defendant") filed a motion for an extension of time, until and including June 12, 2020, to file a responsive pleading, on the ground that defense counsel has been unable to confer with Defendant in light of the institution's response to the COVID-19 pandemic.  Defendant further moved for an extension of time, until and including June 12, 2020, to respond to the Court's order directing the parties to participate in a settlement conference, on the ground that defense counsel has been unable to confer with Plaintiff in light of COVID-19 pandemic control measures.

On April 14, 2020, the Court granted Defendant's request.  (ECF No. 75).

On April 27, 2020, Plaintiff filed an opposition to Defendant's motion and a motion for default judgment. (ECF No. 77). On May 19, 2020, Defendant filed a response to Plaintiff's opposition and motion. (ECF No. 79).

Plaintiff alleges that Defendant is trying to delay this case. Plaintiff alleges that his institution of confinement is in "full movements." Inmates participate hourly in "telephone privileges." As recently as March 16, 2020, Plaintiff went to a video court conference in front of Judge Wolf on a criminal charge.

In response, Defendant notes that the pandemic control measures were not in effect on March 16, 2020. Thus, any relevant restrictions on inmate movements would not have affected Plaintiff's March 16, 2020, videoconference. Additionally, Defendant

> did not imply that all inmates were categorically barred from participating in telephonic or videoconference calls regardless of circumstance. As discussed, CDCR's policy was to limit person-to-person contacts to the greatest extent possible, and one way to achieve this was to request the OAG to postpone litigation-related telephonic and videoconference calls with inmates until a future date. How modified programming policies apply to criminal proceedings or inmates who request legal telephone calls with their own retained counsel raises distinct issues not squarely addressed by the motion for an extension of time. Now that Plaintiff raises these issues, Defendant notes that Plaintiff's allegations in no way undermine the bases asserted in support of the motion for an extension of time, particularly to the extent any cited inmate telephonic or videoconference calls were deemed to be emergencies or concerned ongoing criminal proceedings. As discussed by the Declaration of E. Takehara and the motion for an extension of time, CHCF adopted modified programming protocols to limit person-to-person contacts within the facilities, including limiting non-urgent inmate telephone calls. However, there was a recognition that some legal calls could be deemed urgent, and on a case-by-case basis, staff was authorized to approve requests based on a showing that the legal call was urgent or based on an emergency. These protocols were consistent with CDCR's request to the OAG here to postpone inmate telephone calls until after the pandemic-control restrictions are lifted.

(ECF No. 79, p. 4) (citations omitted).

Given the explanation provided by Defendant regarding the CDCR's pandemic control measures, as well as the fact that Plaintiff submitted no evidence in support of his opposition, even if Plaintiff's opposition were submitted before the Court granted Defendant's motion for an extension of time the Court would have granted Defendant's motion.

As the Court granted Defendant's request for an extension of time to file his responsive

2

pleading, Defendant has not defaulted. Thus, Plaintiff's motion for a default judgment will be denied.

Accordingly, IT IS ORDERED that Plaintiff's motion for a default judgment is DENIED.

IT IS SO ORDERED.

Dated:   **June 11, 2020**                                /s/ Erica P. Grosjean
                                                                    UNITED STATES MAGISTRATE JUDGE