UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER BURCHETT,<br><br>                   Plaintiff,<br><br>          v.<br><br>JANE DOE, et al.,<br><br>                   Defendants. | Case No. 1:19-cv-00055-NONE-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(ECF No. 89) |

Peter Burchett ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On July 21, 2020, Plaintiff filed a motion for reconsideration pursuant to Federal Rule of Civil Procedure 60(b)(6) of the Court's order denying his motion for appointment of pro bono counsel. (ECF No. 89). Plaintiff argues that pro bono counsel should be appointed because he will need to present expert testimony; because all California state prisoners are on lockdown due to the coronavirus pandemic; because subpoenas will be necessary to gather evidence and secure the attendance of witnesses; because some of the documents contain highly classified information; because of the "enormous" amount of records and documents that will need to be gathered; because he needs assistance preparing his initial disclosures; and because of the

1

settlement conference in October.[1]  Finally, Plaintiff argues that the Court should "recognize Defendant(s) continued retaliation method(s)."

Federal Rule of Civil Procedure 60(b) governs grounds for relief from an order:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

As to Rule 60(b)(6), Plaintiff "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the action in a proper fashion." Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (citation and internal quotations marks omitted). Additionally, Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice…." (Id.) (citation and internal quotations marks omitted).

Plaintiff's motion will be denied.  Plaintiff has failed to set forth facts or law that shows that he meets any of the above-mentioned reasons for granting relief from the order denying his motion for appointment of pro bono counsel without prejudice.

Accordingly, IT IS ORDERED that Plaintiff's motion for reconsideration (ECF No. 89) is DENIED.

IT IS SO ORDERED.

Dated:   **July 22, 2020**                    /s/ Erica P. Grosjean
                                              UNITED STATES MAGISTRATE JUDGE

---

[1] The Court notes that a scheduling conference has been set for October 26, 2020.  No settlement conference has been set in this case.