1

2

3

4

5

6 UNITED STATES DISTRICT COURT

7 EASTERN DISTRICT OF CALIFORNIA

8

9

10 PETER BURCHETT,                                    Case No. 1:19-cv-00055-NONE-EPG (PC)

11                                    Plaintiff,     ORDER DENYING DEFENDANT'S
                                                     MOTION TO CONTINUE INITIAL
                                                     SCHEDULING CONFERENCE
12              v.

13 JANE DOE, et al.,                                 (ECF No. 98)

14                                    Defendants.

15

16        Peter Burchett ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in

17 this civil rights action filed pursuant to 42 U.S.C. § 1983.

18        On July 2, 2020, the Court set an initial scheduling conference for Monday, October 26,

19 2020, at 1:30 p.m.  (ECF No. 87).  On October 12, 2020, defendant Ramirez filed a scheduling

20 conference statement.  (ECF No. 97).  That scheduling conference report confirmed the

21 scheduling conference set for October 26, 2020, and raised a number of issues related to

22 scheduling the case and discovery.

23        On Friday, October 23, 2020, at 3:13 p.m., the last business day before the conference,

24 defendant Ramirez ("Defendant") filed a motion to continue the initial scheduling conference.

25 (ECF No. 98).  While labelled as a motion to continue the scheduling conference, Defendant does

26 not pose any new date for a continued conference and instead asks that the conference be

27 continued indefinitely or cancelled in its entirety.  This motion is now before the Court.

28        Defendant's motion states that "Defense counsel has been informed that correctional

1

1   institutions across California continue to endeavor to prevent and mitigate the spread and

2   exposure to COVID-19."  (Id. at 2).  "Given the equipment-related challenges, defense counsel

3   has been informed that there is a need to limit remote appearances such as the telephonic

4   appearance scheduled in this case."  (Id.).  "Accordingly, Defendant requests the Court continue

5   the initial scheduling conference set in this case to a future date when telephonic appearances can

6   be accommodated without exacerbating the issues discussed above.  In the alternative, and in the

7   interest of avoiding further delays, Defendant requests that the Court issue a scheduling and

8   discovery order that does not require the initial scheduling conference."  (Id.).

9       Defendant's motion will be denied.

10      As an initial matter, Defendant's motion is untimely.  Defendant provides no explanation

11   regarding why he waited until the Friday afternoon before the Monday conference to file the

12   motion.  The conference was set in July.  The memo regarding limiting appearances is dated June

13   16, 2020.  There are no emergency or changed circumstances justifying this late filing.  Even

14   Defendant's scheduling conference statement, which was filed on October 12, makes no mention

15   of a need for a continuance.  Given that the Court, Plaintiff, and Plaintiff's institution has relied

16   on this schedule already, the Court declines to cancel the conference at this last minute.  Indeed,

17   the Court has no way to deliver this order to Plaintiff prior to the conference.

18      Turning to the substance of the motion, Defendant provides no good cause to cancel the

19   conference.  While Defendant cites to a general need to limit appearances, citing a June 2020

20   letter, there is nothing unique about this conference that would require its cancellation.  Plaintiff

21   is not currently in quarantine.  There is no indication that other conferences have been set for the

22   same time as this one.  Indeed, there is no information specific to either Plaintiff or the institution.

23   Defendant's motion is based entirely on a general desire throughout the state to limit appearances

24   when possible.

25      Nor does Defendant claim that an initial scheduling conference is unnecessary in this case.

26   Defendant's Scheduling Conference Statement is eight pages long and identifies numerous issue

27   that warrant discussion.  For instance, Defendant states that he is unilaterally withholding

28   multiple relevant documents, including photographs, pursuant to the official information

1   privilege, without providing any information regarding the relevant balancing test.  See, e.g., Kerr

2   v. U.S. Dist. Ct. for N. Dist. of Cal., 511 F.2d 192, 198 (9th Cir. 1975) ("common law

3   governmental privilege (encompassing and referred to sometimes as the official or state secret

4   privilege) . . . is only a qualified privilege, contingent upon the competing interests of the

5   requesting litigant and subject to disclosure. . . .") (internal citations omitted).  Defendant's

6   statement itself asks for clarification from Plaintiff, something that will be done at the initial

7   scheduling conference.  (ECF No. 97, p. 4 ("It is unclear if Plaintiff's position is that he has

8   discharged his initial disclosures obligation under this Court's order requiring initial disclosures,

9   dated July 2, 2020. . . .  As such, Defendant respectfully requests clarification from Plaintiff as to

10  whether he has any other documents in his possession. . . .")).  There are Doe Defendants in this

11  case, which warrant a discussion regarding the procedure and timing for identifying such

12  defendants.  Finally, Defendant states that he may move for summary judgment on exhaustion,

13  but provides very little information regarding the potential motion.  Depending on the strength of

14  the motion and when it is filed, this could affect the schedule in this case.

15      Accordingly, given that the motion is untimely and because there are issues that should be

16  addressed at the conference, IT IS ORDERED that defendant Ramirez's motion to continue the

17  initial scheduling conference is DENIED.[1]

18

19  IT IS SO ORDERED.

20      Dated:   **October 26, 2020**                    /s/ Erica P. Grosjean

21                                      UNITED STATES MAGISTRATE JUDGE

22

23

24

25      [1] The Court notes that it has recently held initial scheduling conferences in other prisoner civil rights cases
        without issue.  If the situation has changed such that all California institutions are now less able to accommodate
26      phone conferences in civil cases at this time due to COVID-19, counsel for the California Department of Corrections
        and Rehabilitation is invited to reach out to the Court to discuss potential changes to the Court's general procedures,
27      to determine if there is a way to accommodate the institutions' legitimate safety concerns, while fairly proceeding
        with scheduling and discovery in these cases.

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28