UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER BURCHETT, | Case No. 1:19-cv-00055-NONE-EPG (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF BE DENIED |
| v. | (ECF No. 104) |
| JANE DOE, et al., | |
| Defendants. | OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |
| | ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF PRO BONO COUNSEL, WITHOUT PREJUDICE |
| | (ECF No. 104) |

Peter Burchett ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This case is proceeding on "Plaintiff's excessive force claims against the eight Doe Defendants that allegedly attacked him on January 31, 2018, and defendant Ramirez."  (ECF No. 57, p. 2).

On November 12, 2020, Plaintiff filed documents with the Court.  (ECF No. 104).  The filing is fifty-five pages, appears to involve unrelated requests for relief, and is not organized (the filing begins with an exhibit).  It appears that Plaintiff is asking for injunctive relief[1] and for

---

[1] Given the disorganization in Plaintiff's filing, it is not clear if Plaintiff is requesting injunctive relief or if he is just informing the Court that he requested injunctive relief in a different case.  Given that one of the documents is titled "APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINRAY INJUNCTION" (ECF No. 104, p. 36), the Court will treat Plaintiff's filing as including a request for injunctive relief.

1   appointment of pro bono counsel.[2]

2         For the reasons described below, the Court will deny Plaintiff's request for appointment of

3   pro bono counsel and recommend that Plaintiff's motion for injunctive relief be denied.

4   **I.      PLAINTIFF'S MOTION FOR APPOINTMENT OF PRO BONO COUNSEL**

5         Plaintiff asks for appointment of counsel because he is unable to afford counsel.  Plaintiff

6   also appears to ask for appointment of counsel because he is under immense stress in general, and

7   the COVID-19 pandemic has made it worse.

8         Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v.

9   Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), withdrawn in part on other grounds, 154 F.3d 952

10  (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28

11  U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa,

12  490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the Court may request

13  the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

14        Without a reasonable method of securing and compensating counsel, the Court will seek

15  volunteer counsel only in the most serious and exceptional cases.  In determining whether

16  "exceptional circumstances exist, a district court must evaluate both the likelihood of success of

17  the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the

18  complexity of the legal issues involved."  Id. (citation and internal quotation marks omitted).

19        The Court will not order appointment of pro bono counsel at this time.  The Court has

20  reviewed the record in this case, and at this time the Court is unable to make a determination that

21  Plaintiff is likely to succeed on the merits of his claims.  Moreover, while the Court has had some

22  difficulty understanding Plaintiff's filings, it appears that Plaintiff can adequately articulate his

23  claims.

24        Plaintiff is advised that he is not precluded from renewing his motion for appointment of

25

26        [2] Plaintiff also states that a federal probe by the FBI is necessary.  (ECF No. 104, p. 6).  It is not clear if
    Plaintiff is asking for any form of relief, or simply informing the Court that an FBI probe is necessary.  To the extent
27  that Plaintiff is asking the Court to order the FBI to conduct a probe, Plaintiff's request will be denied.  It does not
    appear that Plaintiff provided any reasons why the Court should order the FBI to conduct a probe or cite to any
    authority allowing the Court to order the FBI to conduct a probe.

28

1   pro bono counsel at a later stage of the proceedings.

2   **II.      PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF**

3            a.   Summary of Plaintiff's Motion

4   Plaintiff alleges that his Eighth Amendment rights are being violated because he is being

5   exposed to a deadly infectious disease (COVID-19).

6   Plaintiff seeks a temporary restraining order and preliminary injunction on the ground that

7   his immediate release from incarceration is the only adequate remedy for the ongoing Eighth

8   Amendment violation.

9            b.   Legal Standards

10   A federal district court may issue emergency injunctive relief only if it has personal

11   jurisdiction over the parties and subject matter jurisdiction over the lawsuit.  See Murphy Bros.,

12   Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) (noting that one "becomes a party

13   officially, and is required to take action in that capacity, only upon service of summons or other

14   authority-asserting measure stating the time within which the party served must appear to

15   defend.").  The court may not attempt to determine the rights of persons not before it.  See, e.g.,

16   Hitchman Coal & Coke Co. v. Mitchell, 245 U.S. 229, 234-35 (1916); Zepeda v. INS, 753 F.2d

17   719, 727-28 (9th Cir. 1983); see also Califano v. Yamasaki, 442 U.S. 682, 702 (1979) (injunctive

18   relief must be "narrowly tailored to give only the relief to which plaintiffs are entitled").  Under

19   Federal Rule of Civil Procedure 65(d)(2), an injunction binds only "the parties to the action,"

20   their "officers, agents, servants, employees, and attorneys," and "other persons who are in active

21   concert or participation."  Fed. R. Civ. P. 65(d)(2)(A)-(C).  "When a plaintiff seeks injunctive

22   relief based on claims not pled in the complaint, the court does not have the authority to issue an

23   injunction."  Pac. Radiation Oncology, LLC v. Queen's Med. Ctr., 810 F.3d 631, 633 (9th Cir.

24   2015).

25   Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the

26   Prison Litigation Reform Act, which requires that the Court find that the "relief [sought] is

27   narrowly drawn, extends no further than necessary to correct the violation of the Federal Right,

28   and is the least intrusive means necessary to correct the violation of the Federal Right."

On the merits, "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Glossip v. Gross, 135 S. Ct. 2726, 2736-37 (2015) (quoting Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008)).  "Under Winter, plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction."  Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011).

As to requests for a release order, the Prison Litigation Reform Act provides:

**(3) Prisoner release order.--(A)** In any civil action with respect to prison conditions, no court shall enter a prisoner release order unless--

**(i)** a court has previously entered an order for less intrusive relief that has failed to remedy the deprivation of the Federal right sought to be remedied through the prisoner release order; and

**(ii)** the defendant has had a reasonable amount of time to comply with the previous court orders.

**(B)** In any civil action in Federal court with respect to prison conditions, a prisoner release order shall be entered only by a three-judge court in accordance with section 2284 of title 28, if the requirements of subparagraph (E) have been met.

**(C)** A party seeking a prisoner release order in Federal court shall file with any request for such relief, a request for a three-judge court and materials sufficient to demonstrate that the requirements of subparagraph (A) have been met.

**(D)** If the requirements under subparagraph (A) have been met, a Federal judge before whom a civil action with respect to prison conditions is pending who believes that a prison release order should be considered may sua sponte request the convening of a three-judge court to determine whether a prisoner release order should be entered.

**(E)** The three-judge court shall enter a prisoner release order only if the court finds by clear and convincing evidence that--

**(i)** crowding is the primary cause of the violation of a Federal right; and

**(ii)** no other relief will remedy the violation of the Federal right.

**(F)** Any State or local official including a legislator or unit of government whose jurisdiction or function includes the appropriation of funds for the construction, operation, or maintenance of prison facilities, or the prosecution or custody of persons who may be released

1   from, or not admitted to, a prison as a result of a prisoner release order shall have standing to

2   oppose the imposition or continuation in effect of such relief and to seek termination of such

3   relief, and shall have the right to intervene in any proceeding relating to such relief

4          c.   Analysis

5          The Court will recommend that Plaintiff's motion be denied.

6          This action is proceeding on "Plaintiff's excessive force claims against the eight Doe

7   Defendants that allegedly attacked him on January 31, 2018, and defendant Ramirez" (ECF No.

8   57, p. 2), based on allegations that the eight Doe Defendants attacked Plaintiff and that defendant

9   Ramirez pepper sprayed Plaintiff (ECF No. 16).  Plaintiff's request for injunctive relief, which is

10  based on Plaintiff's allegation that his Eighth Amendment rights are being violated because he is

11  being exposed to a deadly infectious disease, appears to have no relationship to the claims

12  proceeding in this case.  As Plaintiff is seeking injunctive relief based on a claim not pled in the

13  complaint, Plaintiff's motion should be denied.  Pac. Radiation Oncology, 810 F.3d at 633

14  ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court

15  does not have the authority to issue an injunction.").

16         Additionally, there is nothing in Plaintiff's motion suggesting that any of the defendants in

17  this action have the authority to provide the relief Plaintiff is requesting, that is, release from

18  prison.  And, an injunction binds only "the parties to the action," their "officers, agents, servants,

19  employees, and attorneys," and "other persons who are in active concert or participation."  Fed.

20  R. Civ. P. 65(d)(2)(A)-(C).  Given this, and that Plaintiff is seeking injunctive relief based on a

21  claim not pled in the complaint, even if Plaintiff is entitled to the relief he is seeking, this is not

22  the appropriate case to seek such relief.

23         Finally, it appears that Plaintiff has failed to comply with the procedures laid out in 18

24  U.S.C. § 3626(a)(3).

25         Accordingly, the Court will recommend that Plaintiff's motion for injunctive relief be

26  denied.

27  \\\

28  \\\

5

**III.    RECOMMENDATION AND ORDER**

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion for injunctive relief be DENIED.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven (7) days after service of the objections.  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Additionally, **IT IS ORDERED** that:

1.  Plaintiff's motion for appointment of pro bono counsel is **DENIED** without prejudice; and

2.  Plaintiff's request for the Court to order the FBI to conduct a probe is **DENIED**.

IT IS SO ORDERED.

Dated:   **December 3, 2020**                    /s/ _Erica P. Grosjean_
                                                UNITED STATES MAGISTRATE JUDGE