UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER BURCHETT,<br><br>                                           Plaintiff,<br><br>           v.<br><br>JANE DOE, et al.,<br><br>                                           Defendants. | Case No. 1:19-cv-00055-NONE-EPG (PC)<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE MOTION TO SUBSTITUTE, AND DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF PRO BONO COUNSEL<br><br>(ECF Nos. 111 & 112) |

   Peter Burchett ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

   On February 17, 2021, Plaintiff filed two motions. (ECF Nos. 111 & 112). At times Plaintiff's motions are difficult to understand, but Plaintiff appears to ask for extensions of time and for appointment of pro bono counsel. Plaintiff appears to ask for the extensions of time due to the restrictions imposed because of the ongoing COVID-19 pandemic. Plaintiff appears to ask for counsel because of the restrictions and because counsel can preserve evidence for Plaintiff.

   As to Plaintiff's request for an extension of time to respond to Defendant's motion for summary judgment, the Court finds good cause to grant it in part. However, the Court will not grant Plaintiff a ninety-day extension at this time. Defendant Ramirez's motion for summary judgment is based solely on the defense of failure to exhaust available administrative remedies,

1

and Plaintiff has not adequately explained why the Court should, at this time, grant him ninety additional days or more to file an opposition to this motion.  If Plaintiff needs an additional extension of this deadline, he should attach his request for law library access and/or paging services, as well as the institution's response to his request, to his motion for an extension of time

As to Plaintiff's request for an extension of time to file a motion to substitute named defendants in place of the Doe Defendants, the Court does not find good cause to grant it. Plaintiff has not explained why he needs access to the law library in order to identify these defendants, nor has he explained the steps he has taken, such as requesting discovery from Defendant, in order to identify these defendants.  Moreover, in the order granting Plaintiff's previous request for an extension of time to file a motion to substitute, the Court told Plaintiff that if he needed "an additional extension of time, in his motion he should attach his request for law library access and/or paging services, as well as the institution's response to his request." (ECF No. 107, p. 2).  While Plaintiff did attach a legal copy verification form and an inmate request for interview form, they are mostly blank.[1]  The forms do not include what Plaintiff requested or the institution's response to Plaintiff's request.  Accordingly, Plaintiff's request for additional time to file a motion to substitute will be denied.

Finally, as to Plaintiff's motion for appointment of pro bono counsel, it will be denied without prejudice.  Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), withdrawn in part on other grounds, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether

---

[1] Plaintiff appears to allege that prison staff ignore his requests for law library access, but the request forms attached by Plaintiff are blank.  Thus, it does not appear that Plaintiff requested law library access using these forms.

"exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (citation and internal quotation marks omitted).

The Court has reviewed the record in this case, and at this time the Court is unable to make a determination that Plaintiff is likely to succeed on the merits of his claims. Moreover, while the Court has had some difficulty understanding Plaintiff's filings, it appears that Plaintiff can adequately articulate his claims. Therefore, Plaintiff's request for appointment of pro bono counsel will be denied without prejudice.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff has sixty days from the date of service of this order to file his response to Defendant's motion for summary judgment. If Plaintiff needs an additional extension of this deadline, he should attach his request for law library access and/or paging services, as well as the institution's response to his request, to his motion for an extension of time.

2. Plaintiff's request for an extension of time to file a motion to substitute named defendants in place of the Doe Defendants is denied; and

3. Plaintiff's request for appointment of pro bono counsel is denied without prejudice.

IT IS SO ORDERED.

Dated:   **February 19, 2021**            /s/ Erica P. Grosjean
                                          UNITED STATES MAGISTRATE JUDGE

3