UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER BURCHETT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JANE DOE, et al.,<br><br>　　　　　Defendants. | Case No. 1:19-cv-00055-NONE-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT THE EIGHT DOE DEFENDANTS BE DISMISSED FOR FAILURE TO SERVE, THAT DEFENDANT RAMIREZ'S MOTION FOR SUMMARY JUDGMENT BE GRANTED IN PART AND DENIED IN PART, THAT PLAINTIFF'S CLAIM AGAINST DEFENDANT RAMIREZ BE DISMISSED WITHOUT PREJUDICE BECAUSE PLAINTIFF FAILED TO EXHAUST AVAILABLE ADMINISTRATIVE REMEDIES, AND THAT THIS CASE BE CLOSED<br><br>(ECF Nos. 103 & 109)<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME<br><br>(ECF No. 115) |

I.　　**INTRODUCTION**

　　　Peter Burchett ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This case proceeds "on Plaintiff's excessive force claims against the eight Doe Defendants that allegedly attacked him on January 31, 2018, and defendant Ramirez."  (ECF No. 57, p. 2).[1]

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

On January 26, 2021, defendant Ramirez filed a motion for summary judgment. (ECF No. 109). Plaintiff filed his opposition on March 2, 2021. (ECF No. 114). Defendant Ramirez filed his reply on March 9, 2021. (ECF No. 117).

Additionally, Plaintiff's deadline to file a motion to substitute named defendants in place of the Doe Defendants who allegedly attacked him on January 31, 2018, has passed, and Plaintiff failed to file the motion.

For the reasons that follow, the Court will recommend that the eight Doe Defendants be dismissed without prejudice for failure to serve, that defendant Ramirez's motion for summary judgment be granted in part and denied in part, that Plaintiff's claim against defendant Ramirez be dismissed without prejudice because Plaintiff failed to exhaust available administrative remedies, and that this case be closed.

## II.   FAILURE TO SERVE

### a. Background and Motion for Extension

On October 27, 2020, the Court gave Plaintiff sixty days "to file a motion to substitute named defendants in place of the Doe Defendants who allegedly attacked him on January 31, 2018." (ECF No. 103, p. 2). In the order the Court noted that "[o]n the record at the Conference, defense counsel indicated that the names might be listed on Exhibit T of Defendant's initial disclosures, which is a Crime/Incident Report." (Id. at n.1). On December 28, 2020, Plaintiff filed a motion for an extension of time to file the motion to substitute. (ECF No. 106). On January 6, 2021, the Court granted Plaintiff's motion and gave Plaintiff forty-five days from the date of service of the order to file the motion to substitute. (ECF No. 107). The Court also told Plaintiff that if he needed "an additional extension of time, in his motion he should attach his request for law library access and/or paging services, as well as the institution's response to his request." (Id. at p. 2). On February 17, 2021, Plaintiff filed additional motions for an extension of the motion to substitute deadline. (ECF Nos. 111 & 112). The Court denied Plaintiff's requests for additional time to file the motion to substitute because Plaintiff did not attach the documents required by the Court's order, because Plaintiff failed to explain why he needed access to the law library in order to identify the defendants,

and because Plaintiff failed to explain the steps he had taken to identify the Doe Defendants. (ECF No. 113).

Plaintiff's deadline to file a motion to substitute has now passed and Plaintiff has not filed a motion to substitute.

On March 3, 2021, Plaintiff did file what appears to be another motion for an extension of the motion to substitute deadline, as well as a statement in support. (ECF Nos. 115 & 116). In the motion, Plaintiff alleges, among other things, that his institution of confinement holds gladiator matches, that some institutions are flying confederate flags, and that he is being retaliated against.[2]

Plaintiff's allegations are largely unrelated to this case. The Court notes that if Plaintiff believes his constitutional or other rights are being violated based on the allegations in the motion, he may file separate action(s).[3]

Plaintiff does appear to allege that he is not able to provide copies of his requests for law library access and/or paging services or the institution's responses. However, even if this is true, Plaintiff once again fails to explain why he needed access to the law library in order to identify the Doe Defendants. Plaintiff also once again fails to explain the steps he has taken in the last four months to identify the Doe Defendants. As noted above, it appears that Plaintiff may already have a document in his possession that identifies the Doe Defendants. Accordingly, Plaintiff's motion for extension of time (ECF No. 115) will be denied.

    b. <u>Legal Standards</u>

Pursuant to Federal Rule of Civil Procedure 4(m),

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

---

[2] One of the alleged incidents of retaliation involved Plaintiff being forced to participate in the scheduling conference in an area where others could see and hear Plaintiff. (ECF No. 15, pgs. 15-16). However, the telephonic scheduling conference held on October 27, 2020, was a public proceeding, not a confidential proceeding.

[3] Plaintiff also appears to ask the Court to order that certain evidence be preserved. However, there are no claims proceeding in this case based on these allegations. Therefore, Plaintiff's request is DENIED.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding *in forma pauperis*, the Marshal, upon order of the Court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(3). "'[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and … should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties….'" Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990) (alterations in original)), overruled on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause….'" Walker, 14 F.3d at 1422 (quoting Sellers v. United States, 902 F.2d 598, 603 (7th Cir.1990)). However, where a plaintiff proceeding *in forma pauperis* fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, dismissal of the unserved defendants is appropriate. Walker, 14 F.3d at 1421-22.

  c. Analysis

On January 6, 2020, the Court allowed this case to proceed against eight Doe Defendants. As discussed above, on October 27, 2020, the Court gave Plaintiff sixty days "to file a motion to substitute named defendants in place of the Doe Defendants who allegedly attacked him on January 31, 2018." (ECF No. 103, p. 2). On that same day the Court opened discovery. (ECF No. 102, p. 2). Plaintiff was given an extension of this deadline (ECF No. 107), but the deadline has passed and Plaintiff has failed to identify the Doe Defendants. Thus, Plaintiff has failed to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint on the eight Doe Defendants. Plaintiff has also failed to provide any explanation regarding the steps he has taken since October 27, 2020, to attempt to identify these defendants.

As Plaintiff has failed to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint on the eight Doe Defendants within the time

period prescribed by Federal Rule of Civil Procedure 4(m), the Court will recommend that the eight Doe Defendants be dismissed from this action, without prejudice.[4]

### III. MOTION FOR SUMMARY JUDGMENT

#### a. Defendant's Motion

According to defendant Ramirez, "[b]etween January 31, 2018, and October 16, 2018, Plaintiff Peter Burchett (CDCR No. BC-1170) submitted only one appeal for a third and final level of review concerning any allegation that CDCR staff used excessive force against him: inmate appeal log number CCI-18-00812. In particular, inmate appeal log number CCI-18-00812 (OOA log number 1805580) grieved that, on January 31, 2018, CDCR staff used excessive force against Plaintiff, albeit no staff was specifically named." (ECF No. 109-3, p. 3) (citations omitted).

"Plaintiff's appeal log number CCI-18-00812 was initially received by staff at Substance Abuse Treatment Facility and State Prison, Corcoran ('SATF') at the first level of review, but SATF staff then routed it to CCI for processing, because the alleged incident occurred at CCI. Once received and processed, the appeals office at CCI cancelled appeal log number CCI-18-00812 at the second level on April 5, 2018, pursuant to Section 3084.6(c)(4) of Title 15, on the ground that Plaintiff exceeded the time limit required to submit his allegation. While the incident alleged in appeal log number CCI-18-00812 occurred on January 31, 2018, Plaintiff submitted the appeal on March 16, 2018, a total of forty-four days after the alleged incident and fourteen days after the deadline to file an allegation." (Id.) (citations omitted).

"After receiving appeal log number CCI-18-00812 for a third-level review, the Office of Appeals ('OOA') issued a notice to Plaintiff, dated June 4, 2018, providing notice that CCI-18-00812 was screened out pursuant to Section 3084.6(e), on the ground that he was attempting to appeal to the third level a previously cancelled allegation. The OOA explained to Plaintiff that, pursuant to Section 3084.6(e), once an appeal has been cancelled, that appeal may not be

---

[4] Because the Court is recommending dismissal without prejudice, Plaintiff may file a case against the Doe Defendants in the future, if he can identify them. However, Plaintiff's claims may be subject to the applicable statute of limitations.

1  resubmitted, though a separate appeal can be filed on the cancellation decision.  Plaintiff did
2  not appeal the cancellation decision concerning log number CCI-18-00812.  The OOA did not
3  receive a separate appeal from Plaintiff concerning the third-level screen-out of appeal log
4  number CCI-18-00812." (Id.) (citations omitted).

5     "Besides appeal log number CCI-18-00812, the only other appeals that Plaintiff
6  submitted at the first or second level on or after January 31, 2018, alleging excessive force,
7  were the following: inmate appeal log number CCI-18-00945; inmate appeal log number CCI-
8  18-01008; and inmate appeal SATF-18-01709.  Appeal log number CCI-18-00945 (submitted
9  by Plaintiff on March 27, 2018), which was routed from SATF (previously identified as SATF-
10 18-01494) to CCI, was cancelled at the first level at CCI pursuant to Section 3084.6(c)(2),
11 because it duplicated the allegation in appeal log number CCI-18-00812.  Plaintiff did not
12 appeal the cancellation decision concerning log number CCI-18-00945.  Appeal log number
13 CCI-18-01008 (submitted by Plaintiff on March 26, 2018), which was routed from SATF
14 (previously identified as SATF-18-02050) to CCI, was cancelled at the first level at CCI
15 pursuant to Section 3084.6(c)(2), because it duplicated the allegations in appeal log numbers
16 CCI-18-00812 and CCI-18-00945.  Plaintiff did not appeal the cancellation decision concerning
17 log number CCI-18-01008.  Appeal log number SATF-18-01709 (dated by Plaintiff March 16,
18 2018)—which contained written allegations that duplicated, in part, the allegation in appeal log
19 number CCI-18-00812—was processed at SATF as a disabilities-related reasonable
20 accommodations request, which SATF construed as a request to be rehoused in a setting that
21 better served Plaintiff's mental health needs.  On April 4, 2018, a Reasonable Accommodation
22 Panel ('RAP') at SATF denied Plaintiff's request in appeal log number SATF-18-01709, on the
23 ground that he had been, and was scheduled to be, provided with sufficient mental health
24 treatment.  Plaintiff did not submit appeal log number SATF-18-01709 to the OOA for a final-
25 level review." (Id. at 3-4) (citations omitted).

26    "All of the appeals discussed above were submitted for a first-level review before June
27 10, 2018.  Between January 31, 2018, and October 16, 2018, Plaintiff did not submit any
28 inmate appeal at any level of review concerning Defendant Ramirez.  Further, Plaintiff has not

ever submitted any inmate appeal that resulted in a third and final-level decision from the OOA." (Id. at 4) (citations omitted).

Defendant Ramirez argues that "Plaintiff did not exhaust the administrative process concerning his excessive force claims. Plaintiff's initial complaint was filed on October 16, 2018. The incidents referenced by the FAC allegedly occurred on January 31, 2018, and June 10, 2018. To have exhausted the administrative process in compliance with 42 U.S.C. § 1997e, Plaintiff needed to submit an administrative grievance addressing the allegations in this lawsuit on or after January 31, 2018, and pursue that appeal through a third level decision by October 16, 2018. Plaintiff did not do so." (Id at 6) (citations omitted).

Moreover, "[e]ven assuming there are genuine disputes of material fact with respect to whether appeal log number CCI-18-00812 (or any duplicative appeal) exhausted the administrative remedies pertaining to the alleged January 31, 2018 incident, the evidence indisputably demonstrates that Plaintiff did not exhaust administrative remedies pertaining to the alleged June 10, 2018 incident. As discussed above, the submission dates reflected in the relevant 602 appeal forms were in March 2018, which was before the alleged excessive force incident on June 10, 2018." (Id. at 8) (citation omitted).

Accordingly, defendant Ramirez asks the Court to "grant this motion for summary judgment on the ground that Plaintiff failed to exhaust the administrative remedies, and dismiss this action in its entirety." (Id. at 9).

b. Plaintiff's Opposition

At times Plaintiff's opposition is difficult to understand, but Plaintiff appears to argue that he was unable to exhaust administrative remedies because he underwent repeated transfers, which were a tactic by transportation authorities to complicate (if not directly sabotage) Plaintiff's ability to exhaust administrative remedies. Plaintiff alleges he was transferred to at least eight different facilities. Plaintiff also alleges that he was transferred while his 602 was being processed. However, Plaintiff did not submit any evidence in support of his opposition or cite to any evidence in the record.

\\\

### c. Legal Standards

#### i. *Legal Standards for Summary Judgment*

Summary judgment in favor of a party is appropriate when there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Albino v. Baca ("Albino II"), 747 F.3d 1162, 1169 (9th Cir. 2014) (*en banc*) ("If there is a genuine dispute about material facts, summary judgment will not be granted."). A party asserting that a fact cannot be disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials, or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

A party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). If the moving party moves for summary judgment on the basis that a material fact lacks any proof, the Court must determine whether a fair-minded jury could reasonably find for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986) ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex, 477 U.S. at 322. Additionally, "[a] summary judgment motion cannot be defeated by relying solely on conclusory allegations unsupported by factual data." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

In reviewing the evidence at the summary judgment stage, the Court "must draw all reasonable inferences in the light most favorable to the nonmoving party." Comite de

Jornaleros de Redondo Beach v. City of Redondo Beach, 657 F.3d 936, 942 (9th Cir. 2011). It need only draw inferences, however, where there is "evidence in the record … from which a reasonable inference … may be drawn…"; the court need not entertain inferences that are unsupported by fact. Celotex, 477 U.S. at 330 n. 2 (citation omitted). Additionally, "[t]he evidence of the non-movant is to be believed…." Anderson, 477 U.S. at 255.

In reviewing a summary judgment motion, the Court may consider other materials in the record not cited to by the parties, but is not required to do so. Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified School Dist., 237 F.3d 1026, 1031 (9th Cir. 2001).

In a summary judgment motion for failure to exhaust, the defendants have the initial burden to prove "that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." Albino II, 747 F.3d at 1172. If the defendants carry that burden, "the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Id. However, "the ultimate burden of proof remains with the defendant." Id. "If material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." Id. at 1166.

      ii. Legal Standards for Exhaustion of Administrative Remedies

At the relevant time, "[t]he California prison grievance system ha[d] three levels of review; an inmate exhausts administrative remedies by obtaining a decision at each level." Reyes v. Smith, 810 F.3d 654, 657 (9th Cir. 2016) (citing Cal. Code Regs. tit. 15, § 3084.1(b) (repealed June 1, 2020) & Harvey v. Jordan, 605 F.3d 681, 683 (9th Cir. 2010)). See also Cal. Code Regs. tit. 15, § 3084.7(d)(3) ("The third level review constitutes the decision of the Secretary of the California Department of Corrections and Rehabilitation on an appeal, and shall be conducted by a designated representative under the supervision of the third level Appeals Chief or equivalent. The third level of review exhausts administrative remedies….") (repealed June 1, 2020).

Section 1997e(a) of the Prison Litigation Reform Act of 1995 ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any

1 other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until
2 such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

3     Prisoners are required to exhaust the available administrative remedies prior to filing
4 suit. Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201
5 (9th Cir. 2002) (per curiam). The exhaustion requirement applies to all prisoner suits relating
6 to prison life. Porter v. Nussle, 534 U.S. 516, 532 (2002). Exhaustion is required regardless of
7 the relief sought by the prisoner and regardless of the relief offered by the process, unless "the
8 relevant administrative procedure lacks authority to provide any relief or to take any action
9 whatsoever in response to a complaint." Booth v. Churner, 532 U.S. 731, 736, 741 (2001);
10 Ross v. Blake, 136 S.Ct. 1850, 1857, 1859 (2016).

11     "Under the PLRA, a grievance suffices if it alerts the prison to the nature of the wrong
12 for which redress is sought. The grievance need not include legal terminology or legal theories,
13 because [t]he primary purpose of a grievance is to alert the prison to a problem and facilitate its
14 resolution, not to lay groundwork for litigation. The grievance process is only required to alert
15 prison officials to a problem, not to provide personal notice to a particular official that he may
16 be sued." Reyes, 810 F.3d at 659 (alteration in original) (citations and internal quotation marks
17 omitted).

18     As discussed in Ross, 136 S.Ct. at 1862, there are no "special circumstances"
19 exceptions to the exhaustion requirement. The one significant qualifier is that "the remedies
20 must indeed be 'available' to the prisoner." Id. at 1856. The Ross Court described this
21 qualification as follows:

> [A]n administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates. See 532 U.S., at 736, 738, 121 S.Ct. 1819….
>
> Next, an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use…. And finally, the same is true when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation…. As all those courts have recognized, such interference with an inmate's pursuit of relief

renders the administrative process unavailable. And then, once again, § 1997e(a) poses no bar.

Id. at 1859-60.

"When prison officials improperly fail to process a prisoner's grievance, the prisoner is deemed to have exhausted available administrative remedies." Andres v. Marshall, 867 F.3d 1076, 1079 (9th Cir. 2017).

If the Court concludes that Plaintiff has failed to exhaust, the proper remedy is dismissal without prejudice of the portions of the complaint barred by section 1997e(a). Jones, 549 U.S. at 223-24; Lira v. Herrera, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

d. Analysis

To begin, the Court notes that Plaintiff's complaint appears to contain claims based on two separate excessive force incidents. One incident involves the eight Doe Defendants and occurred on January 31, 2018. (ECF No. 16, p. 5). The other incident appears to have occurred on June 10, 2018, or July 10, 2018, and involves defendant Ramirez. (Id. at 3 & 6; see also ECF No. 93, pgs. 1-2).

The Doe Defendants have not been served. Additionally, defense counsel does not represent the Doe Defendants, and the claim against them appears to be unrelated to the claim against defendant Ramirez. Given this, and that the Court is recommending that the Doe Defendants be dismissed for failure to serve, the Court will recommend that defendant Ramirez's motion be denied to the extent it seeks summary judgment on behalf of the eight Doe Defendants.

However, the Court will recommend that the motion be granted as to defendant Ramirez.

"A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a

1 genuine dispute, or that an adverse party cannot produce admissible evidence to support the
2 fact." Fed. R. Civ. P. 56(c)(1)(A)-(B).  "If a party fails to properly support an assertion of fact
3 or fails to properly address another party's assertion of fact as required by Rule 56(c), the court
4 may … consider the fact undisputed for purposes of the motion."  Fed. R. Civ. P. 56(e)(2).

5       Here, Plaintiff submitted no evidence in support of his opposition, did not cite to any
6 evidence in the record, and did not contest the materials cited by defendant Ramirez.  As
7 Plaintiff failed to properly address defendant Ramirez's assertions of fact, the Court will
8 consider all of defendant Ramirez's properly supported facts as undisputed for purposes of this
9 motion.  Fed. R. Civ. P. 56(e)(2).

10       Defendant Ramirez has submitted evidence, in the form of a declaration from J. Stone
11 (a Grievance Coordinator at CCI), A. Shaw (a Grievance Coordinator at Substance Abuse
12 Treatment Facility and State Prison), and A. Leyva (a Grievance Coordinator at Kern Valley
13 State Prison) that each of Plaintiff's institutions of confinement had a generally available
14 grievance procedure.  (ECF No. 109-2, pgs. 24-25, ¶¶ 3-5; ECF No. 109-2, pgs. 55-56, ¶¶ 3-5;
15 ECF No. 109-2, pgs. 92-93, ¶¶ 3-5).  Defendant Ramirez also submitted evidence, in the form
16 of declarations from A. Shaw, J. Stone, Howard Moseley (the Associate Director of the OOA),
17 and A. Leyva, that while Plaintiff did submit grievances, he did not submit a grievance
18 regarding the alleged June/July excessive force incident involving defendant Ramirez.  (ECF
19 No. 109-2, pgs. 57-59, ¶¶ 8-9; ECF No. 109-2, pgs. 26-27, ¶¶ 8-9; ECF No. 109-2, p. 8, ¶¶ 7-8;
20 ECF No. 109-2, p. 94, ¶¶ 8-9).  Moreover, defendant Ramirez has submitted evidence, in the
21 form of a declaration from Howard Moseley and a document titled "Appellant Appeal History,"
22 that Plaintiff did not submit an inmate appeal that resulted in a third and final decision from the
23 OOA.  (ECF No. 109-2, pgs. 7-9, ¶¶ 6-9; ECF No. 109-2, p. 11).

24       Thus, defendant Ramirez has submitted undisputed evidence "that there was an
25 available administrative remedy, and that the prisoner did not exhaust that available remedy,"
26 Albino II, 747 F.3d at 1172, and "the burden shifts to the prisoner to come forward with
27 evidence showing that there is something in his particular case that made the existing and
28 generally available administrative remedies effectively unavailable to him," id.  As Plaintiff

submitted no evidence that there was something in his case that made the existing and generally available administrative remedies effectively unavailable to him, summary judgment should be granted in favor of defendant Ramirez.

The Court notes that even if Plaintiff signed his opposition under penalty of perjury, it would not change the analysis. Plaintiff does not allege that he submitted a 602 regarding the alleged excessive force incident involving defendant Ramirez.

Plaintiff does allege that transfers were used as a tactic by transportation authorities to complicate (if not directly sabotage) Plaintiff's ability to exhaust administrative remedies, and it does appear that Plaintiff was transferred. Based on the undisputed evidence, Plaintiff was housed at SATF from February 21, 2018, to June 27, 2018, at CCI from June 27, 2018, to July 31, 2018, and at Kern Valley State Prison from July 31, 2018, to January 3, 2019. (ECF No. 109-2, p. 55, ¶ 3; ECF No. 109-2, p. 24, ¶ 3; ECF No. 109, p. 92, ¶ 3). However, Plaintiff was not immediately transferred after the incident,[5] and Plaintiff provides no explanation as to how the transfer(s) prevented him from filing a grievance.

As the undisputed evidence shows that there was an available administrative remedy and that Plaintiff did not exhaust that available administrative remedy as to the incident involving defendant Ramirez, the Court will recommend that defendant Ramirez's motion for summary judgment be granted in part and that Plaintiff's claim against defendant Ramirez be dismissed without prejudice. For the reasons described above the Court will also recommend that defendant Ramirez's motion be denied to the extent it seeks summary judgment on behalf of the eight Doe Defendants.

IV.     **RECOMMENDATIONS**

Based on the foregoing, the undersigned HEREBY RECOMMENDS that:

> 1. The eight Doe Defendants be dismissed from this action, without prejudice, because of Plaintiff's failure to provide the Marshal with accurate and sufficient information to effect service of the summons and

---

[5] As discussed above, is not clear if the incident occurred on June 10, 2020, or July 10, 2020, but in either case, Plaintiff was not immediately transferred after the incident.

       complaint on the eight Doe Defendants within the time period prescribed by Federal Rule of Civil Procedure 4(m);

2.  Defendant Ramirez's motion for summary judgment be granted in part and denied in part;

3.  Plaintiff's claim against defendant Ramirez be dismissed without prejudice because Plaintiff failed to exhaust available administrative remedies; and

4.  The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within twenty-one (21) days after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven (7) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Additionally, IT IS ORDERED that Plaintiff's motion for an extension of time (ECF No. 115) is DENIED.

IT IS SO ORDERED.

Dated:  **March 16, 2021**        /s/ Erica P. Grosjean
                    UNITED STATES MAGISTRATE JUDGE