UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER BURCHETT,<br><br>            Plaintiff,<br><br>    v.<br><br>JANE DOE, et al.,<br><br>            Defendants. | No. 1:19-cv-00055-NONE-EPG (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DIRECTING THE CLERK OF COURT TO ASSIGN A DISTRICT JUDGE TO THIS CASE FOR THE PURPOSE OF CLOSING THE CASE AND THEN TO CLOSE THIS CASE<br><br>(Doc. Nos. 103, 109, 118, 119) |

      Peter Burchett ("plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. In his first amended complaint, plaintiff asserted an equal protection claim under the Fourteenth Amendment and an excessive use of force claim under the Eighth Amendment, stemming from incidents that allegedly occurred on January 31, 2018, and June 10, 2018. (Doc. No. 16.) During the first incident, Doe defendant corrections officers purportedly assaulted plaintiff while escorting him, which included their use of pepper spray on plaintiff. (*Id*. at 5, 6.) In the other incident, plaintiff alleges that defendant Ramirez deployed pepper spray against plaintiff without cause while plaintiff was secured in a cell. (*Id*.)

      The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. Upon screening of the first amended complaint, the

1 magistrate judge found that plaintiff had not stated a cognizable claim under the Fourteenth
2 Amendment but had stated a claim under the Eighth Amendment. (Doc. No. 49.) Rather than
3 submit a second amended complaint, plaintiff initially elected to proceed only on his Eighth
4 Amendment claim which the screening order had found cognizable. (Doc. Nos. 52.)
5 Accordingly, findings and recommendations were issued recommending that plaintiff be
6 permitted to proceed on his excessive use of force claim and that all other claims and defendants
7 be dismissed. (Doc. No. 53.) Thereafter, however, plaintiff filed objections to those findings and
8 recommendations in which he contested the finding that he had failed to state a claim under the
9 Fourteenth Amendment predicated on the *Coleman* litigation. (Doc. No. 55.) The district court
10 considered plaintiff's objections, adopted the findings and recommendations, and defendant
11 Ramirez was served with notice of this action. (Doc. Nos. 57, 58, 59.)

12 On January 26, 2021, defendant Ramirez filed a motion for summary judgment, arguing
13 that plaintiff had failed to exhaust his administrative remedies prior to filing this action. (Doc.
14 Nos. 109, 109-3.) According to defendant Ramirez, plaintiff did not file an inmate grievance
15 naming Ramirez or describing in any way the alleged incident upon which his excessive use of
16 force claim brought in this action is based. (*Id*. at 4, 8–9.) In addition, while plaintiff filed an
17 inmate grievance corresponding to the first alleged assault that involved multiple officers, that
18 inmate grievance named only Doe defendants; did not include the alleged pepper spray incident
19 of which defendant Ramirez is accused in this action; and was not filed in a timely manner and
20 therefore was dismissed. (*Id*. at 3–4, 6–8.) Moreover, plaintiff did not appeal from the dismissal
21 of that inmate grievance. (*Id*. at 6–7.) Thus, according to defendant Ramirez, plaintiff failed to
22 exhaust his administrative remedies with respect to that claim. (*Id*. at 6–8.)

23 In response to the motion for summary judgment, plaintiff filed an opposition (titled as an
24 answer) in which he argued that his numerous transfers among institutions (listed without dates)
25 constitute a concerted effort by the California Department of Corrections and Rehabilitation to
26 "complicate" and "sabotage" plaintiff's attempts to access the inmate grievance process. (Doc.
27 No. 114.) Defendant Ramirez responded, in part, that plaintiff's argument in this regard is
28 conclusory and devoid of facts or evidence suggesting plaintiff's transfers occurred for anything

other than a legitimate penological interest. (Doc. No. 117 at 4–5.) Further, defendant Ramirez noted that plaintiff does not explain why the policies and procedures in place to address circumstances such as this, in which an inmate is transferred during the pendency of an inmate grievance or appeal, are insufficient. (*Id*.)

Additionally, plaintiff's deadline to file a motion to substitute named defendants in place of the Doe defendants who allegedly attacked him on January 31, 2018, passed, and plaintiff failed to file the appropriate motion. On October 27, 2020, plaintiff was given a sixty-day deadline to file the motion for substitution, and he requested an extension, which was granted. (Doc. No. 118 at 2.) On January 6, 2021, the magistrate judge granted a further forty-five-day extension upon a new motion and instructed plaintiff to include specific additional documents with any further request for extension of time, if one was sought. (*Id*.) On February 17, 2021, plaintiff sought a further extension of time, but the magistrate judge denied the request because plaintiff's motion failed to explain the steps he had taken and he had failed to follow the earlier instructions of the court. (*Id*.)

On March 17, 2021, the assigned magistrate judge entered findings and recommendations, recommending that:

> 1. The eight Doe defendants be dismissed from this action, without prejudice, because of plaintiff's failure to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint on the eight Doe defendants within the time period prescribed by Federal Rule of Civil Procedure 4(m);
>
> 2. Defendant Ramirez's motion for summary judgment be granted in part and denied in part;
>
> 3. Plaintiff's claim against defendant Ramirez be dismissed without prejudice because Plaintiff failed to exhaust available administrative remedies; and
>
> 4. The Clerk of Court be directed to close this case.

(Doc. No. 118 at 13-14.)

The parties were provided an opportunity to file objections to the findings and recommendations. Plaintiff filed his objections and a motion to substitute on April 1, 2021.

3

1   (Doc. No. 119.)  On April 12, 2021, plaintiff filed what appears to be a supplement to his
2   objections (Doc. No. 120) and another motion to substitute (Doc No. 121.)  The thrust of
3   plaintiff's filings, in addition to requesting permission to substitute, is a reiteration of the bald
4   assertion that CDCR employees continue to impede his ability to file inmate grievance forms,
5   though plaintiff does not provide details of the alleged impediments.  Defendant Ramirez did not
6   object to the findings and recommendations or respond to plaintiff's objections.  In his reply to
7   plaintiff's request to substitute, defendant Ramirez cites an extension of time granted to plaintiff
8   previously, plaintiff's failure to provide an explanation of his lack of diligence in obtaining the
9   names or his failure to file timely, and the alleged futility of allowing plaintiff to substitute at this
10  time given his failure to exhaust administrative remedies as to any defendant.  (Doc. No. 123.)
11  Plaintiff replied, seemingly implicating some type of postal error; however, plaintiff again does
12  not provide any facts concerning the purported error.  (Doc. No. 124.)

13         In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a
14  *de novo* review of the case.  Having carefully reviewed the entire file, the court concludes that the
15  magistrate judge's findings and recommendations are supported by the record and by proper
16  analysis.

17         Accordingly,
18   1.   The findings and recommendations issued on March 17, 2021, (Doc. No. 118), are
19        adopted in full;
20   2.   The eight doe defendants are dismissed from this action, without prejudice,
21        because of plaintiff's failure to provide the Marshal with accurate and sufficient
22        information to effect service of the summons and complaint on the eight doe
23        defendants within the time period prescribed by Federal Rule of Civil Procedure
24        4(m);
25   3.   Defendant Ramirez's motion for summary judgment is granted in part and denied
26        in part;
27   4.   Plaintiff's claim against defendant Ramirez is dismissed without prejudice due to
28        plaintiff failure to exhaust available administrative remedies prior to filing suit;

4

5. Plaintiff's motion to substitute, request for appointment of *pro bono* counsel, and request for discovery are denied; and

6. The Clerk of the Court is directed to assign a district judge to this case for the purpose of closing the case and then to close this case.

IT IS SO ORDERED.

Dated:   **September 30, 2021**                    /s/ Dale A. Drozd
                                                   UNITED STATES DISTRICT JUDGE